[Cite as *State v. Lebron*, 2012-Ohio-4156.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No.   97773

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANIEL D. LEBRON

DEFENDANT-APPELLANT

## JUDGMENT:
## CONVICTION AFFIRMED;
## SENTENCE MODIFIED

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-549035

**BEFORE:**   Boyle, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   September 13, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Andrew Rogalski
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Daniel Lebron, appeals his sentence for menacing by stalking.   He raises two assignments of error for our review:

Assignment of Error One

The trial court erred by imposing consecutive sentences when it failed to make findings of fact, as required by R.C. 2929.14(E)(4).

Assignment of Error Two

Trial court improperly premised its sentence, in part, on an unsubstantiated belief that the defendant had been untruthful with the trial court.

{¶2}   Finding merit to his first assignment of error, we modify his sentence and remand for the trial court to issue a new judgment reflecting the modification.

Procedural History

{¶3}   In April 2005, Lebron was indicted on four counts of menacing by stalking, in violation of R.C. 2903.211(A)(1), against two victims.   He pleaded guilty to two of those counts, felonies of the fourth degree.

{¶4}   The trial court sentenced him to 14 months in prison on one of the counts and eight months on the other, and ordered that they be served consecutive to one another, for an aggregate sentence of 22 months in prison.   The trial court further

advised Lebron that he may be subject to up to three years of discretionary postrelease control upon his release from prison.    It is from this judgment that Lebron appeals.

Standard of Review

{¶5}    An appellate court must conduct a meaningful review of the trial court's sentencing decision.    *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7.    Specifically, R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion.    An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court."    *Id.*    If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."    *Id.*

Consecutive Sentences

{¶6}    In his first assignment of error, Lebron contends that the trial court erred when it imposed consecutive sentences because it failed to make the necessary findings under R.C. 2929.14(C)(4).

{¶7}    H.B. 86 took effect on September 30, 2011.    Lebron was sentenced on November 29, 2011.    The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified or

penalized under those sections on or after the effective date of this section[.]" Therefore, the trial court was required to sentence Lebron according to the revisions implemented in H.B. 86.

{¶8} One of the noteworthy changes to the felony sentencing laws concerns the purposes of felony sentencing, as stated in R.C. 2929.11(A). The two primary purposes of felony sentencing remain "to protect the public from future crime by the offender and others and to punish the offender * * *." *Id.* These goals, however, are to be realized "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id*. This mandate to utilize the minimum sanctions the court determines necessary is a new provision added by H.B. 86.

{¶9} The provisions of Section 11 of H.B. 86 explain the General Assembly's intent with regard to reviving findings a trial court must make before imposing consecutive sentences:

> In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* [109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470]. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* [555 U.S. 160, 129 S.Ct. 711 (2009)], and the Ohio Supreme Court's decision in *State v. Hodge* [128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768] and, although constitutional under *Hodge*, supra, that language is not enforceable until deliberately revived by the General Assembly.

{¶10} R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶11} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). But it must be clear from the record that the trial court actually made the findings

required by statute. *See State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶12} Notably, however, the General Assembly deleted R.C. 2929.19(B)(2)(c) in H.B. 86. This was the provision in S.B. 2 that had required sentencing courts to state their *reasons* for imposing consecutive sentences on the record. Accordingly, a trial court is not required to articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings.

{¶13} In the present case, the trial court stated the following:

> Mr. Lebron, you have a prior criminal history. You have an attempted drug possession, misdemeanors of the first degree. 1995, you have a felony offense of burglary, which was reduced from felonious assault, for which you received a prison term of two to ten years.
>
> In this particular case, the police came to that location numerous times and repeatedly told you to stay away. You continually ignored their instructions. You harassed and stalked two different people.
>
> The purpose of sentencing is two-fold, protection of the public and punishment to the offender.
>
> In this case I'm also well aware of the fact of your inability to be truthful with the court.

Based upon your prior record and your demonstrated resistance to authority, in particular your blatant disregard for what the police told you to stop doing, the court finds that you are not a good candidate for community control.

{¶14} We agree with Lebron that the trial court failed to make the appropriate findings before imposing consecutive sentences. The trial court explicitly stated the purpose of sentencing, but sentencing courts must consider the purpose of sentencing before imposing any sentence. The trial court then indicated that Lebron was not truthful with the court (regarding whether he could speak and understand English), but this is not a finding that a court must make before imposing consecutive sentences. Further, the trial court found that Lebron was not amenable to community control sanctions, but again, this is not a required finding for imposing consecutive sentences.[1]

{¶15} The trial court did not make an express finding under R.C. 2929.14(C)(4). It did discuss Lebron's criminal history, which could equate to making two of the findings, namely, (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. But the trial court failed to make the mandatory finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4).

---

[1]When sentencing an offender for a fourth or fifth degree felony, a trial court may sentence the offender to prison if it finds, after considering the proper factors, that the offender is not amenable to community control sanctions. *See* R.C. 2929.13(B)(3)(a) (former R.C. 2929.13(B)(2)(a) under S.B. 2).

{¶16} And after reviewing the record we find that it does not clearly and convincingly support imposing consecutive sentences. The record reflects that Lebron lived near the two victims, a male and a female. The trial court stated that "the police were called to [the victims'] home * * * February 22nd, February 23nd, February 24th, February 25th, March 30th, April 4th. And then the date of the offense [April 4], it look like up to April 5th." According to a police report, the male victim in the home saw Lebron looking into his window. The police had been called to the home several times because Lebron had trespassed onto the victims' property attempting to see the female victim of the home and had made unspecified threats to them. And the police report further indicated that the victims had warned Lebron to stay away.

{¶17} The state informed the trial court that with respect to "the seriousness factors," that the male victim drove a truck for a living, and "because these crimes occurred in the middle of the night," it caused him to lose sleep and he almost lost his job as a result.

{¶18} Defense counsel explained to the court that Lebron had some cognitive disorders and some substance abuse issues. Lebron had been diagnosed with alcohol dependence, possible mild mental retardation, and some sort of psychotic disorder not otherwise specified, and received social security benefits. Defense counsel further explained that because of Lebron's cognitive issues, he believed that the female victim liked him. Defense counsel further suggested that Lebron got to know the female victim because she had taken advantage of his cognitive disabilities and had taken his

social security money to purchase drugs. Defense counsel introduced the female victim's criminal record to the court; she had 29 prior cases in municipal court, many for "possession, loitering, things like that."

{¶19} After reviewing the record, we conclude that although the trial court found Lebron was not a good candidate for community control sanctions, it failed to make the required findings before imposing consecutive sentences. We further find that the record does not clearly and convincingly support consecutive sentences. Accordingly, as we are permitted to do under R.C. 2953.08(G)(2) (and because the trial court said at the sentencing hearing that it "stated all the reasons I have"), we modify Lebron's sentence from consecutive prison terms to concurrent prison terms, for an aggregate sentence of 14 months in prison.

{¶20} Lebron's first assignment of error is sustained.

<u>Trial Court's Alleged Discrimination Against Defendant</u>

{¶21} In his second assignment of error, Lebron contends that the trial court improperly penalized him for requesting an interpreter. We find no merit to his argument.

{¶22} The record reflects that the trial court appointed an interpreter for Lebron upon his request. But at a plea hearing on October 24, 2011, the trial court asked Lebron why he needed an interpreter for court, but not to speak with his lawyer. Lebron answered that he understood English "a little bit." The trial court then proceeded to question Lebron about his level of understanding English and about the

charges against him. Lebron was able to understand the trial court's questions and answer them. The trial court informed Lebron that it had a "problem with the county paying for interpreters when they're really not needed." But the trial court still appointed an interpreter for Lebron, "in an abundance of caution."

{¶23} Later, at sentencing, the trial court was discussing the facts with the state and defense counsel about how Lebron believed the female victim liked him. The trial court questioned the female victim if she understood Spanish. The victim responded that she did not. The trial court stated, "well, that's interesting to me, Mr. Lebron. How could you have all these conversations with somebody when you tell me you can't speak English?" The court then concluded that Lebron had "been less than truthful" with her regarding his ability to speak English.

{¶24} After reviewing the record, we do not find that it supports Lebron's argument that the trial court discriminated against him, or unfairly penalized him at sentencing. *See State v. Collier*, 9th Dist. No. 07CA009115, 2008-Ohio-826, ¶ 19 (finding trial court did not abuse its discretion in sentencing defendant when it considered "based on its observation of the testimony and demeanor of Defendant, that he lied under oath").

{¶25} Lebron's second assignment of error is overruled.

{¶26} Conviction affirmed; sentence modified. Case remanded with instructions for the trial court to issue a new judgment reflecting Lebron's concurrent prison terms as modified by this court.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR