[Cite as *State v. Doss*, 2012-Ohio-5751.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## Nos. 98228 and 98229

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PRESTON DOSS

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-558493 and CR-559132

**BEFORE:** Kilbane, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Diane Russell
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** In these companion cases, defendant-appellant, Preston Doss, appeals from the consecutive sentences imposed for his convictions for drug possession in Case Nos. CR-558493 and CR-559132. These cases were combined for plea proceedings and sentencing. Defendant advances identical arguments in both appeals, so we have sua sponte consolidated them for review.[1] For the reasons set forth below, we affirm.

**{¶2}** On January 3, 2012, defendant was arrested after Cleveland police found him unresponsive and lying in the street in the area of East 136th Street and Miles Avenue. He was subsequently charged in CR-559132 with drug possession and drug trafficking, both fifth degree felony offenses. As amended, the State alleged that the offense involved less than the bulk amount of phenylcyclohexylpiperidine or "PCP."[2]

---

[1]These matters were scheduled for individual arguments.

[2] The indictment initially charged defendant with possession of and

{¶3} On January 11, 2012, at approximately 9:00 a.m., Cleveland police responded to a call regarding a domestic altercation. As they approached the defendant, they detected the odor of PCP. At this time, he was also alleged to be in possession of 15 to 20 individually wrapped rocks of crack cocaine. He was subsequently charged by information in CR-558493 with fifth degree felony drug possession and drug trafficking.

{¶4} On February 22, 2012, defendant pled guilty to possession of PCP as alleged in Count 1 of CR-559132, and guilty to possession of cocaine as set forth in Count 2 of CR-558493. The remaining charges were dismissed. The court then ordered that defendant be screened for eligibility for participation in the community-based correction program. The court also referred defendant to the court psychiatric clinic for recommendations regarding disposition of the case.

{¶5} Following a hearing on April 4, 2012, the court outlined the circumstances of the offenses. Defendant's attorney acknowledged that "his assessment record shows him to be extremely high [risk for reoffending], but there is a recommendation * * * that he could benefit from TASC [Treatment Alternatives to Street Crime] evaluation as well as chemical dependency

trafficking in less than five grams of cocaine, but the indictment was amended without objection from the defense on February 22, 2012, the date of the guilty pleas.

assessment." The trial court then outlined the purposes and principles of felony sentencing under Am.Sub.H.B. No. 86 ("H.B. 86") and noted defendant's extensive criminal history that spanned a 20-year period, including numerous drug offenses. The court listed a 1995 conviction for fourth degree felony assault; a 1997 conviction for resisting arrest; a 1997 conviction for drug possession; 1998 convictions for drug possession and attempted drug possession; a 1998 conviction for giving false information to law enforcement; a 1998 conviction for assault on a police officer; a 2000 conviction for disorderly conduct; a 2000 conviction for drug abuse; a 2001 conviction for  drug abuse; 2001 misdemeanor convictions for domestic violence, disorderly conduct, contempt of court, misconduct on public transportation, obstructing official business, resisting arrest, and three convictions for trafficking in cocaine in 2001; 2004 convictions for possession of drugs with a firearm specification, having a weapon under disability, and carrying a concealed weapon; a 2005 conviction for disorderly conduct; 2006 convictions for drug possession, burglary, and felonious assault.

{¶6} The court stated:

> The court finds this defendant is not amenable to community control sanctions. And this court has also considered the mitigation report and finds there are no psychiatric factors to this defendant's conduct and that it was strictly the fact that he abuses drugs. And I know he has been placed on probation

before and this court is not willing to risk the safety of the community and place this defendant on probation again.

* * *

The court further finds that consecutive sentences in this matter are necessary to protect the public from the defendant's behavior based upon his extensive criminal history.

{¶7} The trial court sentenced defendant to 12 months of imprisonment in CR-559132, to be served consecutive to a 12-month term imposed in CR-558493. Defendant was also sentenced to up to three years of postrelease control. He appeals the sentenced imposed in both matters, assigning two errors for our review.

The trial court erred when it sentenced the Appellant to the maximum sentence on a fifth degree felony that is amenable to a community control sanction.

{¶8} In reviewing a felony sentence, we take note of R.C. 2953.08(G), which provides:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12, and *State v. Stone*, 3d Dist. No. 9-11-39, 2012-Ohio-1895, ¶ 10, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36-42; *State v. Elston*, 3d Dist. No. 12-11-11, 2012-Ohio-2842, ¶ 10.

{¶10} R.C. 2929.11(A) provides that:

[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶11} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶12} In both cases, defendant pled guilty to one count of drug possession, a fifth degree felony, in violation of R.C. 2925.11. Drug possession carries a possible prison term of between six months to twelve months. S*ee* R.C. 2929.14(E). Defendant received the maximum term in both matters.

{¶13} Further, prior to imposing sentence, the court ordered that defendant be screened for eligibility for participation in the community- based correction program. The court also referred defendant to the court psychiatric clinic. These assessments offered nothing to mitigate punishment in this matter. The court carefully considered the circumstances of the instant offense, noting that defendant presented a threat to public safety and had not been amenable to community control sanctions. The court also noted defendant's lengthy criminal record that spanned 20 years, containing numerous drug offenses as well as assault convictions.

{¶14} The sentence of 12 months of imprisonment is within the statutory range for the offense, that is, six months to twelve months of imprisonment. R.C. 2925.11(C)(1)(a). *State v. Reynolds,* 8th Dist. No.

96412, 2012-Ohio-583, ¶ 11. Moreover, in both matters, the imposition of this term is supported by the record. The 12-month sentences imposed by the trial court in CR-558493 and CR-559132 are commensurate with the offense and defendant's criminal history and meets all applicable statutes. In consideration of the foregoing, we find no error. The first assignment of error is without merit.

**{¶15}** Defendant's second assignment of error states:

The trial court erred when it ordered the Appellant to serve his term of incarceration consecutive to another term imposed in another criminal case.

**{¶16}** As to the imposition of consecutive terms, we note that in accordance with H.B. 86, which became effective on September 30, 2011, fact-finding is required prior to the imposition of consecutive sentences. *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28; *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.

**{¶17}** R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the

offender's conduct and to the danger the offender poses to the public, and *if the court also finds any of the following*:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.   (Emphasis added.)

{¶18} Therefore, as revived, R.C. 2929.14(C)(4) now requires the trial court to engage in a three-step analysis in order to impose consecutive sentences.  *State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 10. Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender. *Id.*   Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  *Id.*

{¶19} Finally, the trial court must make at least one of the following findings: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*; R.C. 2929.14(C)(a)-(c).

{¶20} A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). It must be clear from the record, however, that the trial court actually made the findings required by statute. *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶21} In this matter, the trial court concluded that defendant was not amenable to community control sanctions and that the sentence is necessary to protect the public from future crime. The court also concluded that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public because he "commit[ted] offenses, including offenses against his own mother while high on probably one of the most dangerous drugs that you can be high on, PCP." In addition, the trial court observed that two of the three requirements of R.C. 2929.14(C)(4)(a),(b), and (c) were met. R.C. 2929.14(C)(4)(a) was met because defendant committed the offenses while on postrelease control and committed the January 11, 2012 offense while awaiting trial on the January 3, 2012 offense. R.C. 2929.14(C)(4)(c) was met because defendant's extensive criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by the offender. The court noted that PCP is one of the "most dangerous drugs that you can be high on." The court also concluded that the court ordered assessments had not revealed any mitigatory factors. Therefore, the trial court articulated the appropriate findings consistent with the directives of R.C. 2929.14(C) and met the requirements of the applicable law.

{¶22} The second assignment of error is without merit.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR