[Cite as *State v. Taylor*, 2012-Ohio-5733.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 98129

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PHILLIP TAYLOR

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549289

**BEFORE:** Sweeney, J., Stewart, P.J., and Celebrezze, J.

RELEASED AND JOURNALIZED:    December 6, 2012

ATTORNEY   FOR APPELLANT

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113-1901

ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adrienne E. Linnick
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1}   Defendant-appellant Phillip Taylor ("defendant") appeals the court's sentencing him to 11 months in prison for his conviction of receiving stolen property.   After reviewing the facts of the case and pertinent law, we affirm.

{¶2}   On May 19, 2011, defendant pled guilty to receiving stolen property in violation of R.C. 2913.51(A), a fifth degree felony.   The court released defendant on a personal bond under the condition that he "cooperate with the presentence report" and return to court for sentencing on June 20, 2011.   Defendant failed to appear at his June 20, 2011 sentencing hearing.   On July 26, 2011, the court issued a journal entry stating the following: "On a prior

day, defendant Phillip Taylor failed to appear, this court revoked said defendant's personal bond and defendant remains in default of the obligation of said bond."

{¶3} Defendant was taken into custody on an unrelated matter in October 2011, and a new sentencing hearing was set for March 14, 2012, regarding the case at hand. At this hearing the court sentenced defendant to 11 months in prison.

{¶4} Defendant appeals and raises one assignment of error for our review.

I.

The trial court abused its discretion by imposing a prison term for a felony of the fifth degree, contrary to the purposes and principles of the felony sentencing guidelines and H.B. 86.[1]

{¶5} In *State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 5, this court set forth the standard of review for felony sentencing:

An appellate court must conduct a meaningful review of the trial court's sentencing decision. * * * Specifically, R.C. 2953.08(G)(2) provides that our review of [felony] sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.13(B)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."

---

[1] Defendant committed the offense at issue on April 14, 2011, which is prior to when H.B. 86 took effect on September 30, 2011. Therefore, H.B. 86 does not apply to the instant case, and our review will be conducted using prior versions of the appropriate statutes.

*Id.*

{¶6} Pursuant to R.C. 2929.14(A)(5), the prison term for a fifth-degree felony is six to 12 months. Under the version of R.C. 2929.13 that was in effect at the time defendant committed the offense, it was within the court's discretion whether to sentence defendant to prison or community control sanctions.

> (B) (1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
>
> (a) In committing the offense, the offender caused physical harm to a person.
>
> (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
>
> (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
>
> (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
>
> (e) The offender committed the offense for hire or as part of an organized criminal activity.
>
> (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322 [2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.

(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

(i) The offender committed the offense while in possession of a firearm.

(2) (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.

(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.

{¶7} *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, is the controlling Ohio Supreme Court case regarding defendant's sentence. *Foster* at ¶ 69, held

the following regarding prison rather than community control sanctions for lower level felonies:

If the appropriate findings [under R.C. 2929.13(B)(1)] are made, the court has no discretion and must impose a prison term; however, the statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C. 2929.13(B)(1)(a) through (i), the court must find that a community-control sanction meets the principles of sentencing under R.C. 2929.11 before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find

that community control is a sufficient sanction could still impose a prison term.

{¶8} In the instant case, the court found that "prison is consistent with the purpose of R.C. 2929.11" after having "considered the pertinent sentencing statutes in the State of Ohio," defendant's presentence investigation report, and his failure to appear at the original sentencing hearing. The court then sentenced defendant to 11 months in prison, which is within the statutory range. Additionally, defendant's failure to appear at his sentencing hearing weighs in favor of finding that he would not be amenable to community control sanctions. Accordingly, defendant's sentence is not contrary to law and it is supported by the record. *See State v. Duncan*, 8th Dist. No. 87518, 2006-Ohio-5024, ¶ 12 (prison term for fourth degree felony was permitted without R.C. 2929.13(B)(1) findings, because "the court specifically found that defendant was not amenable to community control sanctions").

{¶9} Defendant's sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The

defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.



JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR