[Cite as *State v. Harb*, 2013-Ohio-2701.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99213

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# MICHAEL M. HARB

### DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-564226

**BEFORE:**   Kilbane, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   June 27, 2013

**ATTORNEY FOR APPELLANT**

Carol Jackson
3900 Cullen Drive
Cleveland, Ohio 44105

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Erin Stone
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Michael Harb, in his sole assignment of error, argues that the trial court erred in imposing a 20-year sentence for aggravated robbery, felonious assault, kidnapping, aggravated burglary, grand theft, and theft. We disagree and affirm the trial court.

**{¶2}** On July 6, 2012, defendant was indicted pursuant to a seven-count indictment in connection with the June 21, 2010 break-in at the Garfield Heights home of Alice Prybor ("Alice"), age 60, and her mother Helen Prybor ("Helen"), age 90. In Count 1, defendant was charged with aggravated burglary in violation of R.C. 2911.11(A)(1). Counts 2 and 3 charged him with kidnapping in violation of R.C. 2905.01(A)(2) and (A)(3). Count 4 charged him with felonious assault in violation of R.C. 2903.11(A)(1). Count 5 charged him with aggravated robbery in violation of R.C. 2911.01(A)(3). Count 6 charged him with grand theft in violation of R.C. 2913.02(A)(1), and Count 7 charged him with theft in violation of R.C. 2913.02(A)(5).

**{¶3}** On September 24, 2012, defendant pled guilty to all charges. The defendant was referred for a presentence investigation. The court also heard from Alice who described defendant's early morning invasion into her home and his vicious attack upon her that resulted in a "blowout fracture" to her eye and other injuries. She has had numerous eye surgeries, including the placement of a permanent plate to support her eye.

**{¶4}** The trial court held a sentencing hearing on October 25, 2012. The court merged the kidnapping charge in Count 2 with the aggravated robbery charge in Count 5, and merged the kidnapping charge in Count 3 with the felonious assault charge in Count 4. The state elected to proceed to sentencing on Counts 3 and 5.

**{¶5}** The record indicated that after the defendant broke into the home, he could have simply taken a purse left on the kitchen table, but instead proceeded to the living room and assaulted Alice and went through the pockets of her clothing. His DNA was found on her clothing. He threatened to kill her and stole her tax refund check. Alice sustained orbital and nasal fractures. The record also indicated that defendant has not expressed remorse for his actions. His attorney stated that Alice's niece, an acquaintance of the defendant, had gone to Alice's home approximately three hours earlier asking for money. Defense counsel acknowledged that the defendant took things from the home, but denied that he beat Alice. The record indicates that the defendant has three prior offenses, and the instant matter is his second felony conviction. Defendant was given probation in the prior misdemeanor matters; however, he violated the terms of his probation in those cases.

**{¶6}** The court sentenced the defendant to ten years of imprisonment for aggravated burglary in Count 1, a consecutive ten-year term for aggravated robbery in Count 5, a concurrent ten-year term for kidnapping in Count 3, and concurrent twelve-month terms for the theft offenses in Counts 6 and 7.

**{¶7}** Defendant appeals, raising the following sole assignment of error for our review:

> The trial court erred in sentencing the Appellant to the consecutive terms of imprisonment.

**{¶8}** In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which provides in pertinent part:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for re-sentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶9}** The trial court has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11, and the guidelines contained in R.C. 2929.12. *State v. Stone*, 3d Dist. No. 9-11-39, 2012-Ohio-1895, ¶ 10, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36-42; *State v. Elston*, 3d Dist. No. 12-11-11, 2012-Ohio-2842, ¶ 10.

**{¶10}** Here, the ten-year term imposed for aggravated burglary, a first-degree felony, is within the statutory range for this offense, which is three to eleven years. R.C. 2929.14(A)(1). The ten-year term imposed for kidnapping, a first-degree felony, is also within the statutory range for this offense. R.C. 2929.14(A)(1). The ten-year term imposed for aggravated robbery, a first-degree felony, is within the three- to eleven-year statutory range for this offense. R.C. 2929.14(A)(1). The twelve-month term imposed for grand theft, a felony of the fourth-degree, is within the statutory range for this offense, which is six to eighteen months. R.C. 2929.14(A)(4). The twelve-month term imposed for theft, a felony of the fifth-degree, is within the statutory range for this offense, which is six to twelve months. R.C. 2929.14(A)(5).

**{¶11}** In accordance with R.C. 2929.14(C)(4), the trial court must engage in a three-step analysis in order to impose consecutive sentences. *State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, ¶ 10. Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender. *Id.* Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.*

**{¶12}** Finally, the trial court must make at least one of the following findings: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the

multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*; R.C. 2929.14(C)(4)(a)-(c).

{¶13} A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶14} In the record of this matter, the trial court noted that the 32-year-old defendant has a lengthy record of alcohol, drug-related, and other offenses; that he has not responded favorably to sanctions; and he has not benefitted from court-ordered drug and alcohol treatment. The court noted that defendant had been granted court-ordered inpatient treatment and outpatient treatment, but he has additional convictions for violating the terms of his probation. From 1999 to 2007, he was convicted of attempted drug possession, and also convicted of DWI/DUI charge, driving under suspension, unauthorized use of a motor vehicle, another OVI charge, probation violation, violation of open alcohol container law, and theft. In 2009, he was convicted of petty theft, misdemeanor theft, and falsification. In 2010, he was convicted of a misdemeanor

charge of receiving stolen property, in connection with this matter, and in November 2011, he was convicted of fifth-degree felony breaking and entering and theft.

{¶15} The court also noted that 60-year-old Alice sustained serious physical, psychological, and economic harm. The court stated that she had been terrorized by the defendant and that based upon photographs in the record, her "injuries almost look like a Halloween costume * * * completely covered in blood, completely bandaged, her face smashed, eyes bloodied, face black and blue, blood pretty much all over her body from this vicious assault." The court also noted that Helen, who has Alzheimer's Disease, was an additional victim in this matter who was "obviously terrorized." Alice remains terrified and family members have had to stay with her following the break-in.

{¶16} The court additionally determined that defendant does not have genuine remorse for his actions. The court concluded that consecutive sentences are necessary to protect the public and punish the defendant. The court further stated:

> The court further finds that the harm was great and unusual and that the assault was totally unnecessary [because Helen Prybor's purse was on the table near the point of entry] and the victims in this case were elderly. The Court further finds it has already placed on the record that this defendant has an extensive criminal history.
>
> * * *
>
> The Court in this matter finds that in this case consecutive sentences are necessary to protect and punish — to protect the public and punish the defendant and that a consecutive sentence in this matter would not be disproportionate.

**{¶17}** The trial court did not err in imposing consecutive sentences herein. The record clearly demonstrates that the trial court made a thoughtful analysis of all of the required factors. The court found that consecutive sentences are necessary to protect the public and to punish the offender. The court also found that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also determined that defendant's offenses were committed as part of a course of conduct, and that the harm caused by defendant's multiple offenses were so great that no single prison term for any of the offenses would adequately reflect the seriousness of the offender's conduct. The court also found that consecutive sentences are necessary to protect the public, in light of defendant's extensive history of criminal conduct. The assignment of error is without merit.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR