[Cite as *State v. Boyd*, 2014-Ohio-2640.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos.   100350, 100351, 100352 and 100353

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN BOYD

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-09-532694, CR-10-534790, CR-10-536138,
and CR-10-538834

**BEFORE:**   Boyle, A.J., Jones, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 19, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    James M. Price
Assistant County Prosecutor
1200 Ontario Street
9th Floor
Cleveland, Ohio    44113

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Brian Boyd, appeals from the trial court's judgment imposing a total six-year prison term in connection with four separate cases. He argues that the trial court failed to make the requisite findings to support the imposition of consecutive sentences under H.B. 86. Finding no merit to the appeal, we affirm.

Procedural History and Facts

**{¶2}** In May 2010, Boyd pleaded guilty in connection with four cases. Specifically, Boyd pleaded guilty to the following offenses: drug trafficking, a fourth-degree felony, in Cuyahoga C.P. No. CR-09-532694; drug trafficking, a second-degree felony, in Case No. CR-10-536138; drug trafficking, a second-degree felony, in Case No. CR-10-538834; and felonious assault, a second-degree felony, and weapons while under disability, a third-degree felony, in Case No. CR-10- 534790.

**{¶3}** On September 9, 2010, the trial court sentenced Boyd to an aggregate term of six years in prison in connection with the four cases. The trial court imposed one year in Case No. CR-09-532694, three years in Case No. CR-10-536138, and two years in Case No. CR-10-538834, all to run consecutive to one another. The trial court further imposed concurrent terms of two years for the felonious assault count and one year for the weapons while under disability count in Case No. CR-10-534790, to run concurrently with the other three cases. At the time of sentencing, the trial court failed to advise Boyd of his appellate rights.

{¶4} Boyd subsequently filed a pro se motion to file a delayed appeal in our court, which was denied. He ultimately filed a petition for postconviction relief, seeking a resentencing on the grounds that he was never advised of his appellate rights at sentencing pursuant to Crim.R. 32, and that he was denied effective assistance of counsel in the pre-appellate process. The state did not oppose the motion. In August 2013, the trial court granted the motion and re-sentenced Boyd in connection with all four cases, imposing the exact same sentence entered in September 2010. At the resentencing hearing, the trial court further informed Boyd of his appellate rights and assigned Boyd appellate counsel.

{¶5} Boyd now appeals, raising a single assignment of error:

The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4).

## Standard of Review

{¶6} R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." R.C. 2953.08(G)(2).

## Consecutive Sentences

**{¶7}** Relying on the amendments made to Ohio's sentencing statutes in H.B. 86, Boyd argues that the trial court failed to make the required findings to support consecutive sentences. The state counters that the trial court did not have to make the required findings because Boyd was sentenced prior to the effective date of H.B. 86.

**{¶8}** At the time of Boyd's original sentencing in 2010, the trial court had full discretion to impose a prison sentence within the statutory range and was not required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. On September 30, 2011, the General Assembly, however, enacted H.B. 86, which, in effect, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified or *penalized* under those sections on or after the effective date of this section[.]" (Emphasis added.)

**{¶9}** Although Boyd was originally sentenced in September 2010, the trial court later granted his petition for postconviction relief and resentenced Boyd in August 2013. Boyd is appealing from that sentencing judgment entry. Thus, having been resentenced in August 2013, the trial court was required to sentence Boyd according to the revisions implemented in H.B. 86. *See State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156, ¶ 7 (recognizing that if defendant is sentenced after September

30, 2011, the trial court is required to sentence defendant according to the revisions implemented in H.B. 86).

{¶10} R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id*.

{¶11} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to recite any "magic" or "talismanic" words to comply with the guidelines and factors for sentencing. *See State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10; *State v.*

*Adams*, 10th Dist. Franklin No. 13AP-783, 2014-Ohio-1809, ¶ 18. Thus, our focus is not whether the trial court employs the "magic words"; instead, we review the sentencing transcript to determine whether the court has engaged in the required analysis and has selected the appropriate statutory criteria to support the imposition of consecutive sentences. *Id.*

{¶12} In this case, we find that the trial court has satisfied the requirements of H.B. 86 in imposing consecutive sentences. While the trial court did not use the exact phraseology of R.C. 2929.14(C), the trial court did engage in the required analysis and made the requisite findings to support the imposition of consecutive sentences. Specifically, the trial court found that consecutive sentences were necessary based on (1) Boyd's past criminal record, (2) the "nature of the crimes" in the four cases, (3) the need "to protect the public from future crimes and to punish" Boyd in these cases, and (4) that consecutive sentences were not "disproportionate." The trial court further noted that Boyd committed these offenses "as a series of acts consistent with a pattern of drug dealing and large amounts of drugs."

{¶13} Having found that the trial court complied with R.C. 2929.14(C) before imposing consecutive sentences, we overrule Boyd's sole assignment of error.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS (WITH SEPARATE OPINION)

LARRY A. JONES, SR., J., DISSENTING:

**{¶15}** Respectfully, I dissent as to the majority's judgment affirming the consecutive sentences.

**{¶16}** The trial court justified sentencing Boyd to consecutive sentences as follows:

> [B]ased upon your criminal record and nature of the crimes, it was necessary to protect the public from future crimes and to punish the offender. They weren't disproportionate to the seriousness of the conduct and the offenses were committed as a series of acts consistent with a pattern of drug dealing and a large amount of drugs * * *.

**{¶17}** I disagree with the majority that the trial court made the required disproportionality finding. The majority holds that the above statement made by the trial court established that the court found that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses

to the public. In the past, this court upheld consecutive sentences where statements made by the trial court could be gleaned as the required statutory findings for such a sentence. But this court's current trend has been to hold the trial court responsible for more than just "substantial compliance" with the requirements. *State v. Schmick*, 8th Dist. Cuyahoga No. 99262, 2013-Ohio-4488, ¶ 13.

{¶18} Thus, in light of this court's recent decisions regarding consecutive sentences, I dissent from the majority's judgment affirming the imposition of consecutive sentences, and would remand for resentencing on the convictions that the trial court ran consecutively.