DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which sentenced appellant to 12 months in prison to be served consecutively with any future sanction imposed by appellant's parole board. For the reasons set forth below, this court reverses the judgment of the trial court and remands the case for further proceedings. *Page 2 
 {¶ 2} Appellant, Michael Biegaj, sets forth the following single assignment of error:
 {¶ 3} "The Trial Court erred by imposing the sentence in the within matter consecutive to sentences that, at the time of sentencing, had not yet been imposed."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On October 22, 2006, appellant went to Wiseway Towing and Automotive (" Wiseway") to look at a 1997 Chevrolet Tahoe that Wiseway had for sale. Appellant had seen an advertisement in Auto Trader, and he called Wiseway several times before this incident to inquire about the vehicle.
 {¶ 5} When appellant arrived, he gave Wiseway the impression that he might purchase the Tahoe. He was given the keys to take the vehicle for a test drive. As soon as he received the keys, appellant pushed several people out of his way. Then he got into the Tahoe and drove away. The police were called, and a chase ensued. Appellant proceeded to wreck the truck, causing $11,849.55 in damages.
 {¶ 6} On February 1, 2007, after reaching a plea agreement with Lucas County Prosecutors, appellant pled no contest and was convicted of grand theft of a motor vehicle, in violation of R.C. 2913.01(A)(1) and2913.01(B)(5).
 {¶ 7} At the time of this incident, appellant was on parole for a previous offense. Appellant most certainly violated the terms of his parole for his involvement in this case. However, when the trial court sentenced appellant for grand theft, appellant had not yet been sanctioned for his parole violation. The trial judge sentenced appellant to *Page 3 
12 months in prison to be served consecutively with any sanction for his parole violation. Appellant contends that this was in error and has filed a timely notice of appeal.
 {¶ 8} R.C. 2929.14(E) grants judges the authority to give consecutive sentences. In relevant part, the statute reads, "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively." Id.
 {¶ 9} It is established in Ohio that a sentence cannot run consecutively with a future sentence. The Ohio Supreme Court states, "When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion of the second trial judge to fashion an appropriate sentence." State v. White (1985),18 Ohio St.3d 340, 342-3. In State v. Wise, the Twelfth District Court of Appeals states "a trial court may not order a sentence to be served consecutively to a sentence that is to be imposed in the future."2004-Ohio-6241, citing State v. Watson (1992), 76 Ohio App.3d 258, 261.
 {¶ 10} The record shows that the trial court expressly stated that its sentence was to run consecutively with the anticipated sentence for appellant's parole violation. The parole board had not imposed any sanction upon appellant in connection with this incident at the time of sentencing by the trial court. Ultimately, the parole board did not impose any sentence upon appellant. There was no future sentence.
 {¶ 11} R.C. 2929.141(A)(1) expressly mandates that, "a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new *Page 4 
felony." Thus, consecutive sentences would have been mandatory had the parole board sanction resulted in an additional sentence. Nevertheless, such a sentence was not yet imposed and ultimately was not imposed. App.R. 12(B) provides, "where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly." Accordingly, pursuant to App.R. 12(B), we hereby modify the trial court judgment entry, journalized on February 5, 2007. The judgment entry is modified to reflect the following: the statement "This sentence to be served consecutively to any time imposed for the parole violation" is deleted.
 {¶ 12} Wherefore, for the reasons stated herein, we find appellant's assignment of error well-taken. On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and the sentencing judgment is hereby modified as stated above. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED AND MODIFIED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 5 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1