OPINION
{¶ 1} Defendant-Appellant, Derek Armpriester, was convicted of aggravated robbery and sentenced pursuant to law to a term of incarceration. Subsequently, while he was on post-release control, Armpriester failed to report to his parole officer as required.
 {¶ 2} Armpriester's failure to report had two adverse *Page 2 
consequences. The first was his indictment in common pleas court on September 28, 2005, for one count of escape, R.C. 2921.34(A)(1), a felony offense. The second consequence was a revocation on July 17, 2006, of Armpriester's post-release control by the Ohio Adult Parole Authority, which imposed a five-month prison term as a sanction.
 {¶ 3} Following the Adult Parole Authority's action, Armpriester entered a plea of no contest to the escape charge on August 28, 2006. The parties agreed that, to the extent the court could do so, they would jointly recommend that the mandatory two-year sentence run concurrent to the five-month term imposed by the APA. The court accepted Armpriester's plea on that basis and imposed the recommended concurrent term, though the court also indicated to Armpriester that it would make further inquires to determine whether it had the authority to impose a concurrent term.
 {¶ 4} Approximately three months later, on November 27, 2006, Armpriester was returned to court for resentencing. The court explained that it had learned from the APA that the sentence the court had imposed for his escape offense could not run concurrent to the APA's five-month sanction. The court then imposed the mandatory two-year term for the escape offense to run consecutive to Armpriester's serving of the APA *Page 3 
sanction. Armpriester filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A SENTENCE OF IMPRISONMENT TO RUN CONSECUTIVE TO THE TIME APPELLANT WAS ORDERED TO SERVE BY THE PAROLE AUTHORITY FOR HIS FAILURE TO REPORT TO HIS PAROLE OFFICER WHERE THE COURT DESIRED TO RUN THEM CONCURRENTLY BUT WAS UNDER THE MISTAKEN BELIEF THAT IT HAD NO DISCRETION TO RUN THE SENTENCE OF CONFINEMENT CONCURRENT WITH THE PAROLE VIOLATION."
 {¶ 6} The offense of escape of which Armpriester was convicted on his plea of no contest is defined by R.C. 2929.34(A)(1). R.C. 2929.14(E)(2) provides that when "an offender who is an inmate in a jail, prison, or other residential detention facility violates section . . . 2921.34 . . . of the Revised Code, . . . any prison term imposed on the offender for (that violation) shall be served by the offender consecutively to . . . any other prison term previously or subsequently imposed on the offender."
 {¶ 7} The APA sanction was imposed previous to the twoyear sentence for escape the trial court imposed. Armpriester argues that the consecutive terms requirement of R.C. 2929.14(E)(2) nevertheless cannot apply to him because he was not an "inmate" when his escape offense took place. *Page 4 
Armpriester points out that R.C. 5120.011(A) defines an inmate to mean "a person who is in actual confinement," and that, instead, he was on post-release control when his escape offense took place.
 {¶ 8} We agree that R.C. 2929.14(E)(2) has no application to Armpriester, for the reasons he cites. However, it does not necessarily follow that the court could impose a concurrent sentence for an escape offense that Armpriester committed while he was on post-release control.
 {¶ 9} R.C. 2929.141 governs new felony offenses committed by offenders who are on post-release control. Division (B)(1) of that section provides that when a person on post-release control commits a felony offense, and a prison term for a violation of the offender's post-release control sanctions is imposed by the court or administratively, "[i]n all cases, a prison term imposed for the violation shall be served consecutive to any prison term imposed for the new felony."
 {¶ 10} The five-month prison term for violation of Armpriester's post-release control was imposed by the APA, administratively, prior to imposition of the two-year mandatory sentence the court was required to impose for the escape offense. Per R.C. 2929.141(B)(1), the court was required to impose its sentence to run consecutive to *Page 5 
Armpriester's completion of the term previously imposed by the APA.State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661.
 {¶ 11} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 12} "APPELLANT'S CONVICTION VIOLATED THE DOUBLE JEOPARDY PROVISIONS OF BOTH THE UNITED STATES AND OHIO CONSTITUTIONS."
 {¶ 13} Armpriester argues that his multiple sentences are barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, because the underlying escape offense and post-release control violation arise from the same conduct. That argument was rejected in State v.Martello, which held that R.C. 2967.28(F)(4), now R.C. 2929.141(B)(1), in specifying that multiple prison terms must be imposed, does not violate the Double Jeopardy Clause.
 {¶ 14} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. And FAIN, J., concur. *Page 1