{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which sentenced appellant to a two-year term of incarceration on a new felony conviction for robbery concurrently to appellant's sentence for violation of postrelease control. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Stanley Tillman, sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "A. THE TRIAL COURT ERRED IN VIOLATION OF STATUTORY LAW WHEN IT SENTENCED APPELLANT TO SERVE HIS NEW FELONY CONVICTION CONCURRENTLY WITH HIS SENTENCE FOR POST RELEASE CONTROL VIOLATION."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On March 8, 2007, appellant was indicted on one count of robbery, in violation of R.C. 2911.02 (A)(2), a second degree felony. On May 15, 2007, appellant entered a negotiated plea of guilty to an amended count of robbery, in violation of R.C. 2911.02 (A)(3), a felony of the third degree. Appellant was sentenced to a two year term of incarceration for the robbery conviction ordered to be served concurrently with his seven month sentence for violation of postrelease control.
 {¶ 5} On May 25, 2007, appellant filed a pro se motion for modification of his sentence. In support, appellant asserted that R.C. 2929.141(B)(1) establishes that sentences for new felony convictions must be imposed consecutively, not concurrently, to any term of incarceration imposed for the postrelease control violation. On June 6, 2007, the motion was denied.
 {¶ 6} In his assignment of error, appellant contends that the trial court erred in sentencing him to concurrent rather than consecutive sentences. In support of this position, appellant cites our ruling inState v. Biegaj, 6th Dist. No. L-07-1070, 2007-Ohio-5992. The import of our ruling in Biegaj specifically pertains to whether the sentencing discretion of the trial court extends to ordering its sentence to be served *Page 3 
consecutive with any potential future sentenced not yet imposed in the matter. Pursuant to Supreme Court of Ohio precedent, such a sentence is not permissible. Regardless, this was not the factual scenario of this case. Our Biegaj holding is fundamentally distinguishable from, and therefore not relevant to, and the instant case.
 {¶ 7} Appellant also relies upon the case of State v.Armpriester, 2d Dist. No. 20930, 2008-Ohio-401 which held in relevant part, "when a person on post-release control commits a felony offense, and a prison term for violation of the offender's post release control sanctions it imposed by the court or administratively, in all cases, a prison term imposed for the violation shall be served consecutive to any prison term imposed for the new felony." Appellee counters that we are not bound by Armpriester and should decline to find in appellant's favor based upon Armpriester. We find that neither Biegaj nor Armpriester
supports appellant's position.
 {¶ 8} We find appellant's assignment of error not well-taken. On consideration whereof, the sentencing judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1