[Cite as *State v. Bonner*, 2012-Ohio-2931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97747**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID BONNER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-554263, CR-554908, CR-554953, and CR-556522

**BEFORE:**    Cooney, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   June 28, 2012

**ATTORNEY FOR APPELLANT**

Michael L. Wolpert
12200 Fairhill Road
B 211
Cleveland, Ohio 44120


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, David Bonner ("Bonner"), appeals the sentence the trial court imposed after he pled guilty to burglary charges in four cases. We find no merit to the appeal and affirm.

**{¶2}** In four separate cases, Bonner was charged with one count of aggravated burglary, ten counts of burglary, one count of attempted burglary, three counts of grand theft, seven counts of theft, and one count each of criminal damaging, vandalism, and safecracking. One count of burglary included a firearm specification. Pursuant to a plea agreement, the state amended the aggravated burglary charge to burglary, and Bonner pled guilty to eleven counts of burglary and one count of attempted burglary. All other charges and the firearm specification were nolled. The court sentenced Bonner to an aggregate twelve-year prison term.

**{¶3}** Bonner now appeals, raising three assignments of error.

Judicial Findings

**{¶4}** In the first assignment of error, Bonner contends the trial court erred in sentencing him to consecutive sentences without engaging in the fact-finding required by R.C. 2929.14(C)(4). Bonner argues that the trial court failed to: (1) examine his juvenile

record, (2) note evidence that he was different from other first-time nonviolent offenders, and (3) find that the victims' claimed amounts of restitution lacked substantiation.

{¶5} The General Assembly recently amended former R.C. 2929.14(E)(4), renumbered R.C. 2929.14(C)(4), and enacted new language requiring fact-finding for consecutive sentences. Am.Sub.H.B. No. 86.[1] The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

---

[1]H.B. 86 took effect on September 30, 2011, and Bonner was sentenced on November 22, 2011. Therefore, the trial court was required to sentence Bonner according to the revisions implemented in H.B. 86.

{¶6} The trial court articulated the appropriate findings required by R.C. 2929.14(C)(4) both on the record at the sentencing hearing and in the judgment entry of conviction and sentence. At the sentencing hearing, the court stated:

> David, I looked and considered the serious factors here: the victims' feelings, the fear, the damage, the items taken, the fact that you put a community in fear for three months. Three months. People can't leave their homes. They're worried about the safety of their kids, worried about their homes and their items. You're not a dumb guy. And this rampage started on May 9th, 2011 on Grimsby Avenue, all the way up to August 21st, 12 victims, 12 houses. * * *
>
> You were convicted of this stuff as a juvenile. You were a delinquent child breaking and burglarizing as a juvenile. You would think something would have sunk in.
>
> * * *
>
> This wasn't just a random — lets hit this house. These were calculated decisions on your part to go to a home, wait to see these people leave, know that there [sic] homes were vacant so you could go in there and take items of value. And as a result of that, my sentence is going to be commensurate with other sentences of these types of crimes.

{¶7} According to the transcript, the trial court considered not only the impact of Bonner's actions on his victims for purposes of punishment, but also considered the fact that Bonner premeditated these crimes and continued to pursue this course of action for three months. The court suggested that prior meditation is more serious than spontaneous burglaries.

{¶8} The court also noted that Bonner had previously been adjudicated delinquent for burglary. Despite attempts at rehabilitation through the juvenile court, the trial court found that Bonner has not shown any signs of rehabilitation. The court justified the

imposition of consecutive sentences by finding that the seriousness of the crimes coupled with Bonner's failure to be rehabilitated required a longer term of incarceration to punish him and to protect the public from future crime.

{¶9} Further, the trial court did not order restitution. Therefore, Bonner's argument that restitution was erroneously imposed is meritless.

{¶10} Accordingly, the first assignment of error is overruled.

Presentence Investigation Report

{¶11} In his second and third assignments of error, Bonner claims the trial court erred in failing to order a presentence investigation and a mitigation report. Bonner contends the reports were necessary to dispel the court's conclusion that he was acting with prior calculation and design. We address these two assigned errors because they are interrelated.

{¶12} "A trial court need not order a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted." *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992), syllabus; R.C. 2951.03. The trial court was aware of Bonner's delinquency adjudication involving a prior burglary without having a presentence report. The court allowed his mother and stepfather to make mitigating statements on his behalf at the sentencing hearing. It also heard several victims describe the harm Bonner caused them as a result of his crimes. As previously stated, the court was able to make findings justifying the imposition of consecutive sentences based

on the information in the record. Under these circumstances, there was no abuse of discretion in not ordering a presentence report.

**{¶13}** Accordingly, the second and third assignments of error are overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR