[Cite as *State v. Jackson*, 2013-Ohio-372.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98354

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RYAN JACKSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554025

**BEFORE:**   Jones, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 7, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
         Blaise D. Thomas
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Ryan Jackson appeals his ten-year sentence, that was imposed after a bench trial in which the court found him guilty of two counts of sexual battery, felonies of the third degree. We affirm.

## I. Procedural History

{¶2} In September 2011, Jackson was charged with two counts of kidnapping and three counts of rape. The indictment named a single victim, who was eight years old at the time of the alleged offenses.

{¶3} After negotiations with the state, Jackson pleaded guilty to amended charges under Counts 2 and 5, those being sexual battery. The remaining counts of the indictment were dismissed.

{¶4} The trial court sentenced Jackson to the maximum term of five years on each count, and ordered that the terms be served consecutively. Jackson's sole assignment of error reads as follows: "The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(E)(4)[1] with reasons in support thereof."

## II. Law and Analysis

{¶5} The Ohio Supreme Court has identified a two-step process for appellate review of felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. First, we must determine whether a sentence is contrary to law. *Id*. Then, if the sentence was not contrary to law, we review to determine whether the trial

---

[1]The correct provision is R.C. 2929.14(C)(4).

court abused its discretion in selecting sentences within the range permitted by statute. *Id*. at ¶ 17.

{¶6} Jackson first contends that the trial court was required to first consider imposing concurrent terms, and failed to do so.   But the court did consider that the purpose of its sentence, in part, was to

> punish the offender using the *minimum sanctions* the court determines
> accomplishes those purposes without undue or unnecessary burden on the
> state and local government resources.

Sentencing tr. 40.   Jackson's contention that the trial court did not consider imposing concurrent sentences first, therefore, is without merit.

{¶7} Jackson next contends that the trial court did not make the required findings for the imposition of consecutive sentences.   With the enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C).  *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.   Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find that the sentence is necessary to protect the public from future crime or to punish the offender.   Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶8} Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the

multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.    R.C. 2929.14(C)(4)(a)-(c).

{¶9} A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000).    It must, however, be clear from the record that the trial court actually made the findings required by statute. *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).    A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶10} Thus, in reviewing whether a trial court complied with the statutory requirements for imposing consecutive sentences, this court has construed statements made by the trial court to equate to findings. *See State v. Redd*, 8th Dist. No. 98064, 2012-Ohio-5417, ¶ 16.

{¶11} The trial court stated the following in sentencing Jackson to consecutive terms:

> I mean to me this is the worst form of the offense.   If there's any mitigation, in my view I guess it would be [Jackson's] age, that he * * *

alleges that he was molested when he was six years old by a babysitter.

But the court has considered all the relevant seriousness, recidivism factors, overriding principles and purposes of felony sentencing, namely to protect the public from future crimes by the offender, and also punish the offender using the minimum sanctions the court determines accomplishes those purposes without undue or unnecessary burden on the state and local government sources.

* * * [T]he details in this case are just horrific. The defendant now is 22. It's my understanding that the age of the victim was eight, and that he participated in * * * the most extensive sexual acts * * * with this child.

He does have a prior record. If you look at the sexual offender test they provided, they indicated that he had a five years 33 percent chance of * * * reoffending, and 10 years 38 percent, and 15 years 40 percent chance of reoffending.

* * * [T]his isn't his first offense, because he has offenses as a juvenile and he's had * * * a recent offense of domestic violence in 2008. That was a misdemeanor involving his mother.

I do believe that based on the age of the victim, the extensiveness of the sexual violations here, * * * it's the worst form of the offense in my mind.

* * *

* * * I have to protect the public from this.

{¶12} Upon review, we find that the trial court satisfied the first required finding that the sentence was necessary to protect the public from future crime or to punish the offender. Specifically, the court stated, "I have to protect the public from this." We also find that the trial court made the second necessary finding that consecutive sentences were not disproportionate to the seriousness of Jackson's conduct and to the danger he poses to the public. The trial court made several references to the seriousness of Jackson's crimes and, as just stated, found that he posed a danger from which the public

needed to be protected. We similarly find that the trial court made a required finding under the final part of the statute governing consecutive sentences, that being that his history of criminal conduct demonstrates that a consecutive sentence was necessary to protect the public from future crime by him.

{¶13} Thus, the sentence was not contrary to law, the first prong under *Kalish*. Further, Jackson does not contend, and we do not find, that the trial court abused its discretion in sentencing him, the second prong under *Kalish*. The record demonstrates that Jackson, who was in his early twenties at the time of the offenses, engaged in "extensive sexual acts," with a then-eight-year-old girl. The record further demonstrates that the victim and her family considered Jackson as part of their family, and he used his position of trust to commit the crimes. The injury to the victim and her family was clear from the record.

{¶14} In light of the above, Jackson's sole assignment of error is without merit and is overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR