[Cite as *State v. Timothy*, 2013-Ohio-579.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98402**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AARON TIMOTHY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557944

**BEFORE:** Blackmon, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 21, 2013

-i-

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Norman Schroth
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Aaron Timothy appeals his sentence and assigns the following error for our review:

**I. The trial court erred by sentencing the defendant-appellant to a term of imprisonment contrary to statute and where its findings were not supported by the record.**

{¶2} Having reviewed the record and pertinent law, we affirm Timothy's sentence. The apposite facts follow.

{¶3} On January 9, 2012, the Cuyahoga County Grand Jury indicted Timothy on one count of escape, a second degree felony, in violation of R.C. 2921.34(A)(1). At the time of the indictment, Timothy was on postrelease control for three separate cases. On February 23, 2012, pursuant to a plea agreement with the state, Timothy pleaded guilty to an amended charge of escape that reduced the charge to a fourth degree felony.

{¶4} The trial court ordered a presentence investigation report and scheduled sentencing for March 30, 2012. Timothy failed to appear for the scheduled sentencing hearing. The trial court issued a capias, the Violent Fugitive Task Force apprehended Timothy, and on April 11, 2012, the sentencing hearing was conducted.

{¶5} At the hearing, the trial court imposed an 18-month prison term for the escape charge, terminated postrelease control on the other three cases, and ordered Timothy to serve 15-months for violating postrelease control. In addition, the trial court ordered Timothy to serve the sentences consecutively for an aggregate sentence of 33 months. Timothy now appeals.

## Consecutive Sentences

{¶6}   In the sole assigned error, Timothy argues that the trial court, in imposing consecutive sentences, failed to make the required findings.

{¶7}   The Ohio Supreme Court has identified a two-step process for appellate review of felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. First, we must determine whether a sentence is contrary to law. *Id.* Then, if the sentence was not contrary to law, we review to determine whether the trial court abused its discretion in selecting sentences within the range permitted by statute. *Id.* at ¶ 17.

{¶8}   With the enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5.   Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender.   Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶9}   Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the

multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174.

{¶10} A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Doss*, 8th Dist. Nos. 98228 and 98229, 2012-Ohio-5751, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). It must be clear from the record, however, that the trial court actually made the findings required by statute. *Id.*, citing *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶11} Preliminarily, we note, in the instant case, Timothy pleaded guilty to a fourth degree felony that carries a possible prison term of between 6 months to 18 months. *See* R.C. 2929.14(A)(4). Here, Timothy's 18-month sentence for escape falls within the statutory range.

**{¶12}** In addition, as previously noted, Timothy was on postrelease control for three separate cases when he committed the new offense. The record indicates that Timothy had approximately 575 days remaining on those three cases. The trial court sentenced Timothy to serve 15 months consecutive to the prison term for the new felony, for an aggregate prison term of 33 months.

**{¶13}** R.C. 2929.141 governs new felony offenses committed by offenders who are on postrelease control. *State v. Armpriester*, 2d Dist. No. 21930, 2008-Ohio-401. Division (B)(1) of that section provides that when a person on postrelease control commits a felony offense, and a prison term for a violation of the offender's postrelease control sanctions is imposed by the court or administratively, "[i]n all cases, a prison term imposed for the violation shall be served consecutive to any prison term imposed for the new felony."

**{¶14}** As such, the court was required to impose the sentence for violating postrelease control to run consecutive to the sentence for escape. Therefore, the consecutive sentence was proper and not contrary to law.

**{¶15}** Having satisfied step one, we next consider whether the trial court abused its discretion in selecting the sentence. *Kalish* at ¶ 4. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In this matter, prior to imposing sentence the trial court stated in pertinent part as follows:

**\* \* \* Well, the Court does consider the words of your attorney, consider your words when fashioning its sentence in this matter, and it also has to look to Revised Code and the purposes and principles of felony sentencing, and those principles and purposes are to protect the public and punish the offender. And according to House Bill 86, we are to do so using the minimum sanctions the Court determines to accomplish that purpose \* \* \*.** Tr. 23-24.

{¶16} The trial court then discussed the presentence investigation report and the litany of criminal cases Timothy had compiled over the years. The trial court also noted that Timothy was classified by the probation department, using their ORAS summary, as a high-risk level offender. In addition, the trial court noted that Timothy's probation officer had personally come to discuss with him the problem he was having supervising Timothy.

{¶17} Further, the trial court considered that the Violent Fugitive Task Force had to apprehend Timothy for failing to appear on the originally scheduled sentencing date. Finally, the trial court specifically stated:

**The Court does find in this case that the offense in this matter was committed while the defendant was on PRC, the defendant has a history of criminal convictions, he has not responded favorably to sanctions previously imposed in adult court and he shows a pattern of drug and alcohol related to the offense and does not appear to acknowledge or refuses treatment and he shows, in my opinion, not much remorse for the offenses.** Tr. 28.

{¶18} Our review of the record indicates that the trial court actually made the findings required by statute and gave full consideration to the purposes and principles of felony sentencing. Based on the foregoing, we find that the trial court did not abuse its

discretion in imposing consecutive sentences. The trial court's decision was not arbitrary, unreasonable, or unconscionable.   Accordingly, we overrule the sole assigned error.

**{¶19}**   Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR