[Cite as *State v. Williams*, 2013-Ohio-2201.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98934**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CARLOS WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562999

**BEFORE:** Rocco, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 30, 2013

**ATTORNEY FOR APPELLANT**

Leif B. Christman
1370 Ontario Street, Suite 2000
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   T. Allan Regas
          Christopher D. Schroeder
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1}   Defendant-appellant Carlos Williams appeals the consecutive sentences imposed upon him after he pled guilty to two felony five drug trafficking counts in the Cuyahoga County Court of Common Pleas.   Williams contends that the trial court erred in imposing maximum consecutive sentences because it relied on evidence outside the record to support its statutory findings under R.C. 2929.14(C)(4).   For the reasons that follow, Williams's sentences are affirmed.

**Procedural History**

{¶2} On June 7, 2012, Williams was indicted on four counts of trafficking under R.C. 2925.03(A)(2), one count of trafficking under R.C. 2925.03(A)(1), and three counts of drug possession under R.C. 2925.11(A). As part of a plea agreement, on August 7, 2012, Williams pled guilty to two counts of trafficking under R.C. 2925.03(A)(2), felonies of the fifth degree.   In exchange for his pleas, the state dismissed the remaining counts against Williams.   As part of the plea agreement, the state reserved the right to present information regarding all of the incidents in the indictment during Williams's sentencing, including those dismissed as part of the plea.

{¶3} The counts against Williams stemmed from a federal drug investigation involving "J.P.," a cocaine dealer on the west side of Cleveland.   The Federal Task Force used a wiretap to record J.P.'s telephone conversations and recorded a series of telephone conversations with Williams in October 2011, in which Williams arranged to

purchase crack cocaine from J.P. and/or facilitated others' purchases of crack cocaine from J.P.

**{¶4 }** Williams's sentencing hearing was held on August 28, 2012. Prior to sentencing Williams, the trial court heard from the prosecutor and Williams and his counsel. The trial court also noted that it had reviewed a presentence investigation report and had considered the sentencing factors outlined in R.C. 2929.11 and 2929.12, including "the need for rehabilitation, deterrence, rehabilitation and restitution." The trial court observed that Williams had a long history of prior criminal violations and that his criminal activity had not been deterred by the sentences he had previously received. The trial court further noted that although the crimes with which Williams had been charged were "low-level felonies," based on the significant adverse impact drug use and trafficking has on the community, he viewed it as a "serious offense" and that a single prison term would not adequately reflect the seriousness of Williams's conduct.

**{¶5}** The trial court sentenced Williams to 12 months in prison on each of the two trafficking counts, to run consecutively, resulting in an aggregate prison term of two years. The trial court summarized its findings supporting the imposition of consecutive sentences as follows:

> I'm sentencing you to that, consecutive sentences again, based upon the fact that I believe the harm was so great or unusual that a single term does not adequately reflect the seriousness of your conduct and that your criminal history shows that consecutive terms are needed to protect the public.

**{¶6}** Williams appeals from the trial court's judgment imposing maximum consecutive sentences. He requests that the court reduce his sentences to six months in prison on each count, to be served concurrently. Finding no merit to Williams's arguments, we affirm his sentences.

**{¶7}** Williams presents a single assignment of error:

Trial Judge Did Not Make the Necessary Findings to Support Maximum Consecutive Sentences on a Plea to Two Felony Five Drug Trafficking Counts Based on Record Evidence.

**Standard of Review**

**{¶8}** An appellate court must conduct a "meaningful review" of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Recently, in *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, this court identified the standard to be applied when reviewing consecutive sentences as follows:

R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. An appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]" or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

*Goins*, 2013-Ohio-263 at ¶ 6.[1]

**{¶9}** "Clear and convincing" means

> [t]he measure or degree of proof that will produce in the mind * * * a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986).

**Consecutive Sentences**

**{¶10}** In his sole assignment of error, Williams argues that the trial court erred in sentencing Williams to maximum consecutive sentences based on its consideration of facts that Williams claims were not in the record. Specifically, Williams contends that in making the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4), the trial court "articulated several findings that find no substantive support in the record."

**{¶11}** R.C. 2929.14(C)(4) requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Second, the trial court must find that "consecutive sentences are not

---

[1]This court observes that different panels of this court have applied different standards when reviewing consecutive sentences. *Compare State v. Venes,* 8th Dist. No. 98682, 2013-Ohio-1891, *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, and *State v. Lebron*, 8th Dist. No. 97773, 2012-Ohio-4156, *with State v. Jackson*, 8th Dist. No. 98354, 2013-Ohio-372, and *State v. Timothy,* 8th Dist. No. 98402, 2013-Ohio-579. Although in this case we apply the standard of review set forth in R.C. 2953.08(G) and *Goins*, we note that we would reach the same result were we to apply the two-step approach to the review of felony sentences adopted by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 9-10.

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶12} In each step of this analysis, "the statutory language directs that the trial court must 'find' the relevant sentencing factors before imposing consecutive sentences." *Goins*, 2013-Ohio-263 at ¶ 10, citing R.C. 2929.14(C)(4). In making these findings, "a trial court is not required to use 'talismanic words to comply with the guidelines and factors for sentencing.'" *Id.*, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). It must, however, "be clear from the record that the trial court actually made the findings required by statute" and that the record supports the findings made. *Id.,* citing *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998); R.C. 2953.08(G)(1). A trial court satisfies the statutory requirement of making the required findings when the record reflects that the

court engaged in the required analysis and selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999).

{¶13} Williams did not object to any aspect of the sentencing hearing and has therefore waived all but plain error. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison,* 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long,* 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Long* at paragraph three of the syllabus. We find no such error here.

{¶14} Williams acknowledges that the trial court made the findings required under R.C. 2929.14(C)(4) for the imposition of consecutive sentences.[2] However, Williams contends that the evidence in the record did not support the trial court's findings under R.C. 2929.14(C)(4) because the trial court considered "hearsay evidence presented outside of the courtroom" and other "assertions" and "issues" "not supported by any record evidence" in sentencing him. Williams maintains that he is nothing more than a "run of the mill offender" who "did not make actual [drug] sales," but simply

---

[2] Likewise, Williams does not dispute that the sentences he received on each count were within the permissible range nor does he contend that the trial court failed to properly consider the factors enumerated in R.C. 2929.11 and 2929.12 in imposing his sentences.

"facilitate[d] them" for others.   As such, Williams contends, he should be subject to lesser, concurrent sentences for the offenses to which he pled guilty.    We disagree.

{¶15} Williams argues that, during the sentencing hearing, the trial court improperly "discussed [Williams's criminal history] in the context of all low level felony drug offenders" and thereafter sentenced Williams — based not on Williams's own conduct, but based on its view that "defendants in all low level drug offenses always get sentences that are too light."   Williams also claims that the trial court improperly considered the federal wiretaps used to incriminate him "as part of [its] justifications for imposing consecutive sentences" because "no wire taps were entered as exhibits or played for the trial court."   Finally, Williams contends that the trial court "lost its way" in discussing "drug violence in the community" during the sentencing hearing because Williams did not commit any crimes of violence in this case.    As a result, Williams contends "the trial court is punishing Williams for unspecified crimes committed by others."   Williams's claims are not supported by the record.[3]

{¶16} In support of his arguments, Williams points to statements by the trial judge during the sentencing hearing, which Williams contends demonstrate the trial judge's reliance upon "hearsay evidence" and other improper factors in sentencing Williams:

---

[3]Williams also argues, in passing, that the trial court's imposition of maximum consecutive sentences for his offenses constitutes disproportionate punishment.   Williams failed to raise the issue of proportionality in the trial court. Thus, neither the trial court nor this court has any "starting point for analysis" of his assertion on appeal that his sentences were disproportionate, and he has waived the issue for appellate review. *See, e.g., State v. Caraballo*, 8th Dist. No. 97915, 2012-Ohio-5725, ¶ 42; *State v. Cooper*, 8th Dist. No. 93308, 2010-Ohio-1983, ¶ 24.

You know, when I see cases like this, it's natural as a Court would look, we look at low-level felonies and we look at low-level felonies are handled in a swift quick fashion and we move on with these cases and this is a unique case in my mind for a couple of reasons.

Number one, yeah, it's low-level felonies, but it's also — it gets into the mind of what's going on with you * * * [Mr. Williams], specifically the dealing of crack cocaine, the use of crack cocaine, and the problem and the scourge it's caused this community.

And as I sit here today and hear the facts, and as I took a factual basis of this at the time of the plea, when I look at you two gentlemen, and, yeah, from a first blush and I look at some of my colleagues who have sentenced you, other judges who have sentenced you to prison for short terms, it's almost like a cost of doing business. Right?

You get the low-level felony. You get the small amount of rock. If you get caught, well, you know you could get your hand slapped or you could go to prison for a low-level period of time.

But what's going on is this wire tap has educated and maybe allowed the Court to see, yeah, you guys are — you guys are just as bad as the high level guys, maybe worse because what you're doing is harming not only yourselves in terms of use of drug, but also what you're doing to the community.

I mean there's not a place in Cuyahoga County that I haven't been in that the neighborhoods and the people who come in there and tell me these drug dealers are ruining my street, or my home, my value of my home; or my kid's been killed because of these drug dealers on the street; and the murder rates and the guns and the violence.

And what this wire tap has allowed this Court to at least be educated

a little bit more on is that, yeah, these are low-level felonies, but, yeah,

these are bad crimes and you should be punished for them.

{¶17} The trial court went on to state, in relevant part:

Part of my job as a judge and the oath I took is that the sentence that I must impose must comply with the purposes and principles of 2929.11(A),

and that is to punish you for your offense, protect the public from future crime by you and others using the minimum sanctions that this Court determines accomplishes the purpose without imposing an unnecessary burden on the state and local government resources.

I'm also considering the need for incapacitation, deterrence, rehabilitation and restitution. And I'm mindful that sentences should be commensurate with and not demeaning to the seriousness of each, of your conduct, of the offender's conduct, and it's [sic] impact on the victim and consistent with sentences for similar crimes by similar offenders under 2929.11(B).

When I look at the seriousness of this crime, and yeah, they're low-level felonies of the fifth degree, but I look at what the use of trafficking in crack cocaine and drugs does to this community; I look at that as a serious offense under 2929.12(B).

The other thing that I have * * * is your records. As a Judge I sit here and I look at the barometer of, okay, what's going on here?

* * *

The trial court then discussed each of the prior offenses with which Williams had been previously charged and sentenced.

**{¶18}** The rules of evidence do not apply in sentencing hearings. *State v. Hinton*, 8th Dist. No. 84582, 2005-Ohio-3427, ¶ 12. The trial judge may consider "any reliable evidence in the record" in sentencing a defendant. *Id.* Further, R.C. 2929.19 provides that "[a]t the [sentencing] hearing, the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case" and that the trial court shall consider such information along with the record, and any presentence report or victim impact statement, prior to imposing a sentence. R.C. 2929.19(A) and (B). In

sentencing a defendant, a trial court may consider any factors that are relevant to achieve the purposes and principles of sentencing and any factors that are relevant to determine the seriousness of the offender's conduct and whether the offender is likely to commit future crimes. *See* R.C. 2929.11 and 2929.12.

{¶19} There is nothing in the record that suggests that the trial judge considered any improper evidence or relied upon any improper factors in sentencing Williams. The trial court's references to the wiretap records, the effect of drug use and trafficking on the community, the harm that Williams, as a drug user and trafficker, has caused the community, and the fact that the prior sentences Williams had received for similar "low-level felony offenses" had not deterred his criminal activity, were all facts relevant to Williams's sentencing. That the trial judge, in discussing these facts, placed Williams's conduct and criminal history in context, characterizing him as a repeat "low-level felony offender," does not support Williams's claim that the trial court sentenced Williams based upon a view that "defendants in all low level drug offences [sic] always get sentences that are too light" or that the trial court's findings under R.C. 2929.14(C)(4) were otherwise based on evidence that was not in the record.

{¶20} In addition, the wiretap records were the basis upon which Williams was charged in the case. Both the state and Williams discussed the wiretaps, the significance of the wiretaps as they related to the charges against Williams, and certain other information contained in the wiretaps during the sentencing hearing. There is nothing in the record that suggests that the trial court drew any improper "conclusions" from the

"mere existence" of the wiretaps, as Williams contends, or that the trial court relied on any such improper "conclusions" in sentencing Williams.

{¶21} Nor do the trial judge's statements regarding his experiences with other "low-level felony offenders" or the comments he has heard from others regarding the well-known harm that drug use and trafficking imposes on our communities, support Williams's contention that the trial court's findings under R.C. 2929.14(C)(4) were not adequately supported by the record. As the Ohio Supreme Court explained in *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000), a trial judge is not required "to divorce [himself] from all personal experiences" in determining an appropriate sentence for an offense:

> [T]he individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor. *State v. Fox*, 69 Ohio St.3d 183, 193, 631 N.E.2d 124 (1994), citing *State v. Mills*, 62 Ohio St.3d 357, 376, 582 N.E.2d 972 (1992). A discretionary decision necessitates the exercise of personal judgment, and we have determined that when making such judgments, the sentencing court "is not required to divorce itself from all personal experiences and
> make [its] decision in a vacuum." *State v. Cook*, 65 Ohio St.3d 516, 529, 605 N.E.2d 70 (1992), citing *Barclay v. Florida*, 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983).

*Arnett* at 215-216 (trial judge's reference to a biblical verse when sentencing defendant "constituted a permissible exercise of her discretion"); *see also Caraballo*, 2012-Ohio-5725, at ¶ 39, 43 (no error where trial judge, in explaining her reasoning in deciding appropriate sentences to impose, referenced the fact that the victim's age was approximately her own and that this fact made her much more aware of the seriousness of the defendant's crimes).

{¶22} The record reflects that the trial court considered all the relevant statutory factors and conducted a reasoned analysis of the facts in makings its findings under R.C.

2929.14(C)(4) and sentencing Williams to consecutive maximum sentences. In support of its findings under R.C. 2929.14(C)(4) — i.e., that (1) consecutive sentences were necessary to protect the public from future crimes by, or to punish, Williams, (2) consecutive sentences were not disproportionate to the seriousness of Williams's conduct and the danger Williams posed to the public, and (3) based on Williams's history of criminal conduct, consecutive sentences were necessary to protect the public from future crimes — the record reflects that the trial court conducted a full review of Williams's criminal history and determined that there were "a lot of other incidents" where Williams was "selling and using" drugs, which the court did not "want to minimize here." The trial court further found that Williams's criminal activity had not been deterred by lighter prison sentences in the past and that Williams was, therefore, likely to reoffend. The offenses to which Williams pled guilty were part of a series of transactions in which Williams purchased, and/or facilitated others' purchases of, crack cocaine from another, higher level drug dealer. The trial court determined that the harm Williams had caused the community as a result of his offenses, in using and trafficking in crack cocaine, "was so great or unusual that a single term would not adequately reflect the seriousness of [Williams's] conduct."

{¶23} Based on a careful review of the record, we do not clearly and convincingly find "that the record does not support" the trial court's findings under R.C. 2929.14(C). There is nothing in the record that suggests that the trial court imposed these sentences on Williams arbitrarily, based the sentences on impermissible factors, or failed to consider

relevant factors in sentencing Williams.    Accordingly, Williams's assignment of error is overruled.

{¶24} Williams's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's sentences having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
MELODY J. STEWART, A.J.,
CONCURS IN JUDGMENT ONLY