[Cite as *State v. Echols*, 2017-Ohio-1360.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104483

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THEO ECHOLS

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600873-A

**BEFORE:**   Blackmon, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   April 13, 2017

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Kelly N. Mason
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Theo Echols ("Echols") appeals from his felonious assault conviction and associated seven-year prison sentence, and assigns the following errors for our review:

I. The court violated Theo Echols' due process guarantee by neglecting to advise him that he has a right to appeal; and that he has other Crim.R. 32(B) rights.

II. The court erred when it imposed a prison sentence which is contrary to law.

**{¶2}** Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

**{¶3}** On April 10, 2015, Echols and three other males entered the Broadview Sports Tavern. Echols walked up to Henry L. Smith, IV ("Smith") who allegedly was in a volatile relationship with Echols's sister, and tapped him on the shoulder. When Smith turned around, Echols fired several shots at Smith, hitting him with four bullets. Smith survived the shooting.

**{¶4}** On January 27, 2016, Echols pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony, with a one-year firearm specification. On March 2, 2016, the court sentenced Echols to six years in prison for the assault, to run consecutively to one year in prison for the firearm specification. On

May 26, 2016, this court granted Echols's motion for leave to file a delayed appeal, appointed appellate counsel, and ordered a transcript of the lower court proceedings at the state's expense.

{¶5} In his first assigned error, Echols argues that, after imposing his prison sentence, the court failed to advise him of his appellate rights in violation of Crim.R. 32(B). The state acknowledges that the court failed to follow the mandates of Crim.R. 32(B); however, the state argues this failure amounts to harmless error because this court accepted Echols's delayed appeal, appointed counsel, and provided for the transcript at no cost to Echols.

{¶6} This court has consistently held that when a motion for delayed appeal is granted and appellate counsel is appointed, an appellant is not prejudiced and any error under Crim.R. 32(B) is harmless. *State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214; *State v. Hunter*, 8th Dist. Cuyahoga No. 99472, 2013-Ohio-5022.

{¶7} Accordingly, we find harmless error, and Echols's first assigned error is overruled.

{¶8} In his second assigned error, Echols argues that when imposing his prison sentence, the court did not make findings on the record, and/or the court's findings were "based on the irrelevant and unsubstantiated information offered by the State * * *." Echols claims that "[t]he aforestated renders the sentence contrary to law." Specifically, Echols argues that his "idle talk from an Instagram" was "tainted" evidence that violated

the rule against hearsay and the rule against "other acts" evidence. *See* Evid.R. 403 and 404(B).

**{¶9}** "The rules of evidence do not apply in sentencing hearings." *State v. Williams*, 8th Dist. Cuyahoga No. 98934, 2013-Ohio-2201, ¶ 18. The sentencing court may consider "'any reliable evidence in the record' in sentencing a defendant." *Id.*, quoting *State v. Hinton*, 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 12.

**{¶10}** R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard of review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or that (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

**{¶11}** A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶12}** Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines

accomplish those purposes * * *." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶13} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12. However, this court has held that "[a]lthough the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors." *State v. Carter*, 8th Dist. Cuyahoga No. 103279, 2016-Ohio-2725, ¶ 15.

{¶14} In the instant case, there is no question that Echols's sentence of six years in prison for a second-degree felony is within the statutory range. R.C. 2929.14(A)(2). Furthermore, the one-year firearm specification to which Echols pled guilty must be served "consecutively to and prior to any prison term imposed for the underlying felony * * *." R.C. 2929.14(C)(1)(a).

{¶15} At the sentencing hearing, the court took the following into consideration: Echols has one prior felony that involved a firearm. He is mildly mentally retarded, has a "polysubstance abuse issue," and suffers from post- traumatic stress disorder as a result of being the victim of a shooting. Echols knew that Smith had been convicted of multiple

prior felonies and was dating Echols's sister. Echols also knew that Smith was in that particular bar on the night in question because he recognized his sister's car, which was parked out front.

{¶16} When Smith saw Echols enter the bar, Smith tried to leave, but could not get away. Echols fired at least seven bullets at Smith while approximately 200 people were inside the bar. Bullets hit Smith in the left calf, the right hand, the left arm, and the abdomen. After shooting Smith, Echols put the gun back in his waistband and ran out of the bar "with the rest of the people trying to blend in with the crowd."

{¶17} According to the doctor who treated Smith, "if the shots to the stomach would have been a centimeter either way, it would have been fatal. He would have died on scene." Echols showed some remorse by apologizing and acknowledging that it was not "supposed to happen the way it happened."

{¶18} The court found that there was no immediate provocation prior to the shooting, although Smith had a negative history with Echols's sister. The court also found that Echols "took responsibility" for his actions, which was a mitigating factor. However, the court found that the aggravating factors outweighed this.

> The court has a responsibility to fashion a sentence that's in line with the principles of sentencing, which is to punish the offender, send you on a course toward rehabilitation, protect society. We can't have people going into clubs — you know, you stand before me, but for the grace of God, you would be sentenced to life. Now you're going to have an opportunity to at some point in the future to reenter into society. Weighing all the factors — I mean, they're very serious aggravating factors here. You did take responsibility. I'm not going to sentence you to a maximum sentence, but I'm going to sentence you to the one year firearm specification. And I'm

going to — that will be followed by [a] six year sentence on the felony of the second degree.

**{¶19}** Upon review, we find that the record supports the court's findings and the sentence is not otherwise contrary to law. Accordingly, Echols's second assigned error is overruled.

**{¶20}** Sentence affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR